MAURIE RUBENS, Respondent, v. JOSEPH M. WEBER, as President of, and Others, as Constituting the International Executive Board of the American Federation of Musicians, an Unincorporated Association, and Another, Appellants.

First Department, December 9, 1932.

*Henry A. Friedman* of counsel [*Henry A. Friedman* and *Marton M. Mandel*, attorneys], for the appellants.

*Arthur Garfield Hays* of counsel [*Hays, St. John, Abramson & Schulman*, attorneys; *Oscar Stabiner* with him on the brief], for the respondent.

MARTIN, J. The plaintiff has been actively engaged in his profession as a musician and for many years has been a member of the Associated Musicians of Greater New York, Local 802. He says in order to obtain employment it is essential that he be a member in good standing in that local.

Charges having been filed against him for a violation of the minimum wage scale and for accepting the payment of fifty dollars for obtaining employment for one Victor J. Fink, a trial was had before the trial board of the Associated Musicians of Greater New York. At the end of the trial the charges were dismissed. Thereafter, the complainant Fink appealed to the International Executive Board of the American Federation of Musicians, which not only reversed the decision of the trial board, but found the plaintiff guilty and imposed a fine of $1,000.

The respondent says that the charges which are the subject of this litigation are the result of differences between members of the union, growing out of the formation of a welfare organization.

In the month of June, 1931, an organization was formed pursuant to the Membership Corporations Law under the name of Musicians Welfare and Social League, Inc., which had for its objects, as expressed in the certificate of incorporation, the development and promotion of social, cultural and athletic activities of its members. After the formation of the Welfare and Social League, the governing board of Local 802 preferred charges against the officers thereof for alleged violations of the by-laws of Local 802, claiming that the organization was a rival labor union. The officials of the Welfare and Social League were expelled from Local 802, but were afterwards reinstated. The plaintiff says that as a member of the Welfare and Social League, he has recommended for employment in the orchestras of the Shubert theatres some of the officials of the organization, for which he says he was expelled from Local 802 in what he contends is an effort to deprive him of employment.

The court at Special Term granted the plaintiff a temporary injunction upon the ground that the international executive board as an appellate tribunal was without power, after reversing the decision of the trial court of the local, to try the plaintiff again on the record and impose a fine.

The claim is also made that certain exhibits were not before the executive board. Referring to those exhibits, the court very properly stated that it was the duty of the plaintiff, who had due notice of the appeal, to see that they were before that body. (By-Laws Am. Fed. of Musicians, art. XI, § 9.) A party to an appeal may not withhold a record or exhibit and after an adverse decision rely on the absence thereof as a ground for reversal of the decision.

The appellant contends that the international executive board had a right on the appeal to *finally* determine the charges against the respondent without remitting them for retrial to Local 802, especially in view of the fact that a further appeal to the annual convention is provided, with the means for obtaining a stay. In the case of a fine, the fine may be deposited, and the appeal thereafter prosecuted to a finality.

Several sections of the by-laws of the American Federation of Musicians cover this entire subject and provide as follows:

" Section 6. Duties of International Executive Board. The International Executive Board shall consist of the President, Vice-President, Secretary, Treasurer and the Executive Committee. The board shall have a general supervision of all matters pertaining to the Federation and shall have complete jurisdiction and power of disposition of all matters and questions referring or relating to the Federation or any of its members or any Local thereof, as well as of all matters and questions in which the said Federation, or any of its Locals or members may be interested, or by which any of them may be in any wise affected. With respect to such matters and questions, the nature of which demands that they be finally determined before the next Convention, as for instance election disputes, breach of contract, etc., all decisions, determination and orders made by said Executive Board shall have the same force and effect as though made by a Convention of the Federation. * * * "

The preamble of article XI provides in part as follows: " A defendant or complainant may, unless it is otherwise provided, appeal to the International Executive Board, in any case whatsoever, from the decision of a Local or any other authority, * * *. An appeal must be filed with the Secretary of the American Federation of Musicians within thirty days of the time that the Local advised appellant of the decision in the case, and all transcripts of records, arguments, exhibits and other documentary evidence intended as part of the papers in an appeal case shall accompany such appeal. * * * Thereupon the Secretary of the Federation shall forward a copy of such appeal to the Local Secretary who shall within ten days thereafter answer such appeal on behalf of the Local. The Local Secretary shall also notify the parties who appeared before the Local authorities of the taking and pendency of such appeal, and they shall have not exceeding ten days to make answer thereto, unless an extension of time in which to reply is granted. After their answer is received, the Secretary of the Federation shall forward same to the appellant, who shall, within

ten days, make rebuttal thereto; thereafter the Secretary shall submit the appellant's rebuttal to the defendant for sur-rebuttal to be made by him and forwarded to the Secretary within ten days, and then the Secretary of the Federation shall submit the case to the International Executive Board for final adjudication, unless it is herein elsewhere otherwise provided. * * * "

The above by-laws indicate that it was intended that the international executive board could *finally adjudicate* the matters which came before it. The appellant says that it would be futile to compel the return of the matter to the local union, which is under the influence of the plaintiff; that in all probability that union would not find plaintiff guilty of any wrongdoing, especially in view of the fact that all the evidence before the appellate tribunal was before the local trial board and there is no additional evidence to be submitted.

In *Marbury* v. *Madison* (1 Cranch, 137) the court held that appellate jurisdiction, in the absence of express restriction or limitation, includes the power of final disposition. The court there said (at p. 175): " It is the essential criterion of appellate jurisdiction, that it revises and corrects the proceedings * * *."

Unless there was some restriction upon the action of the international executive board as an appellate tribunal, the appeal removed the cause entirely from the local union, subjecting the facts as well as the law to a review and a retrial. The international executive board had the power to render a proper judgment when it decided that the judgment rendered by the trial board of Local 802 was not in accordance with the evidence.

The plaintiff also contends that the members of the international executive board should have come from different sections of the United States and Canada to pass upon this case. There appears to be no such requirement in the by-laws. Article XI of the by-laws, as above set forth, provides how appeals are to be heard and the method of disposing of same. We find no requirement in the by-laws which compels the international executive board to meet at one time and place and dispose of an appeal. Such a requirement would make an appeal practically impossible, because of the great number of such matters constantly before that body.

By-laws enacted by this union and in existence at the time of the trial fully provided for a trial, an appeal and finally an appeal to the annual convention. Such a complete system of procedure fully protected the members and the affidavits establish that in the past such a system has not only fully protected their rights but that any member with a meritorious cause was given an opportunity for redress where injustice had been done. Detailed procedure is

outlined even to the extent of obtaining a stay in a case where the president is of the opinion that such stay should be granted, and in a case where a stay is refused and where a fine has been imposed the amount of the fine may be deposited, thus perfecting the appeal, which sum is to be returned if the party appealing be successful. Where there is such a complete and workable system, adequate in all respects, we have no right to say that the local union, which appellant says is controlled by respondent, is supreme and that its decisions are final.

Courts are very reluctant to interfere with or to direct the affairs of such organizations. Where there has been an injustice perpetrated, the courts will interfere to correct abuses or protect rights.

In *Polin* v. *Kaplan* (257 N. Y. 277) the court outlined the policy which should be followed in such cases, and said: " This is not to say, however, that a court will decline to interfere, if an expulsion has been decreed for acts not constituting violations of the constitution and by-laws, and not made expellable offenses thereby, either by terms expressed or implied. In such an instance, the expulsion is not within the power conferred by the contract."

Aside from the fact that the evidence supports the findings of the American Federation of Musicians in this particular case, there being a complete system of procedure provided by the by-laws which fully protected the plaintiff in all his rights, the courts should not interfere by exercising control of the internal affairs of the union.

The order should be reversed, with twenty dollars costs and disbursements, and the motion denied, with ten dollars costs.

FINCH, P. J., MERRELL, SHERMAN and TOWNLEY, JJ., concur.

Order reversed, with twenty dollars costs and disbursements, and motion denied, with ten dollars costs.