JULIUS J. COHEN, Appellant, *v.* JOSEPH ROSENBERG, as President of the Associated Musicians of Greater New York, Local 802, American Federation of Musicians, an Unincorporated Association of More Than Seven Members, Respondent.

First Department, May 29, 1941.

*Charles K. Finch,* for the appellant.

*Harry Sacher,* for the respondent.

COHN, J.   Plaintiff was a member of defendant, Local Union 802, American Federation of Musicians. The by-laws of the union provided that a member desiring to propose an amendment was required to submit it to the secretary. Such an amendment could be considered only at a meeting held in the month of September. Any proposed change in the by-laws was to be published in the " Official Journal " immediately prior to such meeting. In accordance with the by-laws, plaintiff mailed to the secretary a proposed amendment. The proposal in substance recited that it had been " publicly stated " that the election of officers of the union held in December, 1936, was conducted " in such fraudulent, dishonest and crooked fashion as to cast doubt upon the right of the present officers to hold their respective offices;" it then recommended that the by-laws relating to elections be held inoperative for the year 1938 and that the election to take place on December 15, 1938, be conducted by the Honest Ballot Association.

The officials of the union did not publish plaintiff's resolution. Instead, they notified him to appear before the trial board to answer a charge of " unfair dealing to the Local and its duly elected

Officers." As directed, plaintiff presented himself for trial. At the outset of the hearing the chairman amplified the charge by stating that plaintiff was " being brought up for publicly sending this through the mails wherein he charges the Officers of undermining the Union and conducting the Election in a fraudulent and crooked fashion." In his defense of the charge, plaintiff stated that the resolution which he proposed did not accuse any one of wrongdoing nor did it assert that the election had been dishonestly conducted. Plaintiff also showed that other members had complained to the international executive board of the union concerning the December, 1936, election and that many discussions relative to it were frequently had between groups of members within the halls of the union and elsewhere.

Nonetheless, plaintiff was found guilty of the charge, was fined $1,000 and was expelled from membership in the local. Thereafter he exhausted every right of appeal within the union itself before seeking relief by means of the present action.

At the trial in the Supreme Court plaintiff, among other things, proved that all members of the trial board who presided at the hearing of the charge made against him were officers elected at the December, 1936, election. Plaintiff contends that these judges were disqualified to act because of bias, prejudice and interest in the subject-matter of the controversy, and hence were without jurisdiction to try him. In view of the nature of the charge which led to his expulsion from the union we think the plaintiff's grievance is a just one. The members of the union's trial board obviously were disqualified by a direct interest in the subject-matter of the controversy. As expressed by Judge MILLER in *Wilcox* v. *Royal Arcanum* (210 N. Y. 370, 379), " It is as though a judge defamed were to try the defamer for a criminal libel."

Defendant urges that plaintiff did not defame the trial board members; that if opprobrium was cast upon any one by the wording of plaintiff's resolution, it was upon the persons who had conducted the 1936 election. With this contention we are unable to agree, in view of the statement made by the chairman of the trial board and the attitude assumed by the members thereof throughout the trial in regarding the resolution as an accusation that the officers were " undermining the Union and conducting the Election in a fraudulent and crooked fashion."

Where proceedings to try a member of a labor union are conducted regularly and with proper regard for the accused's legal rights, the courts will not interfere with a determination of the union. (*Polin* v. *Kaplan*, 257 N. Y. 277, 282; *Matter of Pratt* v. *Rudisule*, 249 App. Div. 305, 307; *Young* v. *Eames*, 78 id. 229; affd., 181 N. Y. 542.) As stated by this court in the case of *Rubens*

v. *Weber* (237 App. Div. 15, 19), speaking through MARTIN, J., now Presiding Justice: " Courts are very reluctant to interfere with or to direct the affairs of such organizations. Where there has been an injustice perpetrated, the courts will interfere to correct abuses or protect rights."

In this case the evidence establishes that the members of the union's trial board were disqualified to serve as judges upon plaintiff's trial. For this reason the expulsion was invalid. This determination, however, is without prejudice to the right of the defendant local union to properly try plaintiff upon the charge preferred against him.

The judgment should be reversed, with costs, and judgment directed for the plaintiff to the extent of reinstating plaintiff to full membership in the defendant union.

MARTIN, P. J., UNTERMYER, DORE and CALLAHAN, JJ., concur.

Judgment unanimously reversed, with costs, and judgment directed in favor of the plaintiff to the extent of reinstating plaintiff to full membership in the defendant union. Settle order on notice, reversing findings inconsistent with this determination, and containing such new findings of fact proved upon the trial as are necessary to sustain the judgment hereby awarded.