Al FRIEDMAN, Plaintiff,

v.

INTERNATIONAL ASSOCIATION OF MACHINISTS, A. J. Hayes, Individually and as International President of the International Association of Machinists and Member of its Executive Council, Eric Peterson, Individually and as General Secretary-Treasurer of the International Association of Machinists and Member of its Executive Council, and Elmer E. Walker, Individually and as General Vice-President of the Executive Council of the International Association of Machinists and Member of its Executive Council, Defendants.

Civ. A. No. 4528–52.

United States District Court District of Columbia.

Jan. 7, 1957.

1

**2**

Smith, Harris & Hanke, St. Louis, Mo., Krieger & Jorgensen, Washington, D. C., for plaintiff.

Mulholland, Robie & Hickey, Washington, D. C., for defendants.

MORRIS, District Judge.

Plaintiff brings this suit seeking injunctive relief from his expulsion as a member of the Tool and Diemakers Lodge No. 688 of defendant International Association of Machinists. On March 14, 1952, charges were filed against plaintiff by the business agent for his district of the Association, pursuant to Section 1, Article K, of the Constitution of the Association, charging plaintiff "with advocating, encouraging and supporting Communism, and also with being a member of the Communist Party." In accordance with the Constitution of the Association, a trial committee was appointed by the president of plaintiff's lodge, before whom trial was had on March 24, 1952. The trial committee, on March 28, 1952, submitted its report to the membership at a regular meeting of the lodge as follows:

> "We, the members of the trial committee of the case of Lloyd Weber versus Al Friedman have after long and serious deliberation and much discussion of the evidence presented find the defendant not guilty as charged due to lack of sufficient and positive evidence."

The members of the lodge at such meeting voted 95 to 26 to sustain the "not guilty" verdict. The complainant took an appeal from this action to the President of the International Association, who set aside the decision of the Lodge, found the plaintiff guilty, and expelled him from membership in the Association. Appeal from the action of the International President was taken by the plaintiff to the Executive Council of the Association, and from its affirmance to the Grand Lodge Convention, which also affirmed the finding of guilty and plaintiff's expulsion.

■■ It is the plaintiff's contention that no right of appeal from a verdict of "not guilty" is permitted under the Constitution of the Association; that, if thereby permitted, such procedure violates "fundamental principles of democratic procedure," and that the appellate proceedings were illegal because he was not permitted to be present, or have proper representation, at such proceedings.

Courts have generally upheld appeals from "not guilty" verdicts of members of voluntary associations when the constitution of the association explicitly provides therefor, Simpson v. Grand International Brotherhood of Locomotive Engineers, 83 W.Va. 355, 98 S.E. 580, certiorari denied 250 U.S. 644, 39 S.Ct. 494, 63 L.Ed. 1186; Callahan v. Order of Railway Conductors, 169 Wis. 43, 171 N.W. 653; Rubens v. Weber, 237 App. Div. 15, 260 N.Y.S. 701; Pfoh v. Whitney, Ohio App., 62 N.E.2d 744. It is said that the members consent to, and are bound by, regulations and laws of the association when they become one of its members, and that, if such regulations are reasonable, courts, in reviewing proceedings to discipline a member, will inquire only to see whether such proceedings have been in accordance with the constitution and by-laws of the association, whether the charges are substantial, whether the member has had fair notice and opportunity to be heard, and whether malice has been employed in arriving at the decision.

Section 9, Article K, of the Constitution of this Association provides:

> "Appeals may be taken from the decision of any local lodge or Grand Lodge Officer to the International President, * * *. Thereafter ap-

peals may be prosecuted in accordance with provisions of Section 6,[1] Article XXV of the Grand Lodge Constitution."

The plaintiff contends that, because no words explicitly granting to the complainant a right of appeal, no such appeal is allowable. I do not agree with this contention. The words employed are inclusive rather than exclusive, and without the latter it cannot be assumed that the Association intended to leave the discipline of its members entirely in the hands of the members of the local lodge to which a member might belong. This is particularly so when the ultimate decision is lodged in the Grand Lodge in convention, or in the membership at large through referendum. However, where an appeal is taken from a determination that the accused is not guilty, before a judgment may be reached that he is guilty, it is manifestly clear that full opportunity must be given at every stage in such appellate procedure for the accused to be heard and to reply to matters, both of law and fact, urged against him. The practice employed here is unlike the conventional appellate proceedings where the determination of the appellate tribunal normally affirms the judgment or reverses for error and remands the case for a new trial where the defendant has full opportunity to present his defense.

There was evidence at the trial which could be the basis for a determination, after proper appellate procedure, that the plaintiff actively engaged in Communist activities, had been issued a card in the Communist Party, and had recruited members of the Communist Party from members of his local lodge. The plaintiff contends now, as was his principal contention at the trial, that there was no such evidence with respect to any action subsequent to the adoption on April 1, 1949, of Section 2, Article XXV, of the Constitution, under which plaintiff was charged. It was clearly a matter for proper appellate consideration as to whether or not the plaintiff is chargeable with knowledge of decisions of the Association prior to his membership therein holding Communist activity to be violative of its laws covering "dual unionism" and "improper conduct," and of motion [2] adopted by the Executive Council, circularized in Official Circular No. 183, under date of August 15, 1925, and of motion [3] adopted by the Executive Council

1. "Sec. 6. Appeals may be taken from the decision of the International President to the Executive Council. Appeals may be taken from the decision of the Executive Council to a convention of the Grand Lodge, or to the membership at large by submission thereof through the referendum. All appeals shall be laid before the body to whom addressed through the General Secretary-Treasurer. Before any appeals can be taken from any decision of the Executive Council, the decision, and all orders of the Executive Council in relation thereto, must be fully complied with by all parties concerned therein in order to entitle them to enter an appeal, and in no case shall any district or local lodge, or any individual member or members thereof, appeal to the civil courts for redress until after having exhausted all rights of appeal under the provisions of this Constitution. No member of the Executive Council shall have a vote on any appeal on which he has already rendered a decision."

2. That the Trade Union Educational League, the Workers or Communist Party, the Young Peoples' League, or Young Workers' League are antagonistic in character and dual in nature to the International Association of Machinists.

   That all members of the International Association of Machinists who are also members of any of the said dual organizations be given a 60-day notice within which they shall sever all connections with the said dual organizations, or relinquish their membership in the International Association of Machinists.

3. That any individual who advocates or encourages Communism, Fascism, Nazism, or any other totalitarian philosophy, or who, by other actions, gives support to these "philosophies" or "isms" is not eligible to membership in the I. A. of M.

   That any member of the International Association of Machinists who advocates or encourages Communism, Fascism, Nazism, or any other totalitarian philosophy, or who, by other actions, gives support to these "philosophies" or "isms" is subject to the charge of "improper conduct" and trial under "Article K—Code"—and if guilty shall be expelled.

on January 13, 1947, circularized in Official Circular No. 474, under date of February 6, 1947.[4]

The following allegation of the complaint gives rise to much concern:

"The procedure at the said Grand Lodge Convention was controlled completely by defendants. Plaintiff's request to appear before said Convention was refused; and said Convention was misinformed by the defendants and their agents as to the facts involved and as to plaintiff's position thereon."

In his memorandum of points and authorities in support of his motion for summary judgment, plaintiff seems to have converted this charge into two other charges, namely, that the appeal to the International President was taken without notice to him and without giving him an opportunity to be heard, and that the Appeals and Grievance Committee of the Convention, appointed by the International President, and completely controlled by him and the other defendants, merely listened to plaintiff in silence, asked him if he had anything more to say and directed his removal from the hearing room, and thereafter heard one of the witnesses who had testified against plaintiff before the trial committee and a member of the Executive Council.

Exhibits attached to defendants' motion for summary judgment show that the complainant at the original trial wrote the International President a letter, in which he filed an appeal and summarized evidence at the trial of plaintiff's guilt, and enclosed copy of the verbatim transcript of the trial. The International President then addressed a letter jointly to the president and the recording secretary of the local lodge, advising that an appeal had been taken, and directing that he be furnished with certain papers respecting the trial. In his letter transmitting the requested papers, the recording secretary stated:

"Your letter will be read at the next meeting of the Lodge so that the membership present will know that an appeal has been made to the International President, in regard to the decision of Lodge No. 688, in the subject case of Weber vs. Friedman."

Seven days after the date of the recording secretary's letter, plaintiff wrote the International President as follows:

"I am writing concerning the appeal by plaintiff Lloyd Weber, in the case of Weber vs. Al Friedman (H93065) which was voted on by Lodge 688, District No. 9, at its regular meeting of March 28, 1952.

"Your communication announcing the appeal and requesting the official results was read to Lodge 688 on April 25 at its regular meeting.

"Nowhere does our Constitution give the right to appeal to a plaintiff in a trial. Certainly Article K, Section 9, under which Weber seeks to appeal is clearly and unequivocally reserved to a defendant who may have been found guilty by his local Lodge.

"I do not believe it necessary to detail the lack of merit in the original charges and to cite the abundant supporting evidence in our Constitution which clearly reserves the right of appeal to the defendant in a trial case. I request that you deny the plaintiff Weber's appeal forthwith, on the basis that it clearly violates the acquitted defendant's Constitutional rights."

---

4. Article I, Section 4, and Article IV, Section 2, of the Constitution, provide that between conventions all executive and judicial power of the Association is vested in the Executive Council, and that sessions thereof "shall have the same authority to initiate legislation as has a delegate convention." The section under which plaintiff was charged, therefore, served to make activity which "advocates or encourages Communism, Fascism, Nazism, or any other totalitarian philosophy, or * * * gives support to these 'philosophies' or 'isms'" a separate offense.

In a lengthy letter of May 5, 1952, to the president and recording secretary of the local lodge, the International President made findings "based upon the record" in the case and conclusions, setting forth considerable of the evidence of guilt and the established law and policy of the Association, and decided:

"Careful examination of all the testimony presented at the trial reveals that certain activities of the Defendant have been directed toward the advancement of Communist philosophy in the United States. * * *

"I am therefore setting aside the decision of the Lodge in this matter and, based upon the record in the case, I find the Defendant guilty and hereby expel him from membership in our Association. The expulsion of Defendant * * * shall be effective as of this date. * * *"

There is no question that the plaintiff had actual knowledge that an appeal had been taken to the International President, or that he submitted certain matters contesting the appeal, but it is equally clear that he was not given an opportunity to hear and be heard with respect to the matters which induced the International President to reverse the action of the lodge finding him not guilty.

Both plaintiff and his counsel requested permission to be present when his appeal was taken up by the Executive Counsel, and in a letter from defendant Peterson, General Secretary-Treasurer, plaintiff was advised:

"Your inquiry as to whether or not it is permissible for you to appear before the Executive Council in person, can be answered by pointing out that this is a matter on which the Executive Council, itself, has to rule. It may be helpful to point out that very seldom does the Executive Council grant that type of request, inasmuch as it is considered that a member appealing a decision from the International President has ample opportunity of presenting in written form, all of his reasons why the decision should be set aside."

and plaintiff's counsel was advised by the same person:

"As I have previously informed Brother Al Friedman—as a matter of policy—the Executive Council of the International Association of Machinists, A.F.L. does not hear oral argument concerning the merits of an appeal to them from a decision of the International President."

Later plaintiff was advised, in a letter from defendant Peterson:

"In reply to your letter of May 19, addressed to the Executive Council, wherein you request an opportunity to appear before the Council in person, together with counsel of your choice, in order to argue your appeal from the decision of the International President in the case of Weber vs. Friedman, Lodge No. 688, dated May 5, 1952, you are now advised that your request was placed before the Council and after due consideration they voted not to grant your request."

Plaintiff's counsel did file a somewhat lengthy brief, in which the stages of the trial were set forth, and argument made respecting the legal positions urged by plaintiff and the lack of evidence to support the findings of the International President. Here again, it being evident that the hearing before the Executive Council was in effect a continuation of the trial itself, it required that the plaintiff be given an opportunity to hear and be heard on the matters being considered.

Excerpts from the proceedings of the Grand Lodge Convention are filed as an exhibit to defendants' motion for summary judgment, and contain the report of the Appeals and Grievance Committee:

"The files contained a request by the appellant to appear before your Committee in his own behalf. * *
* * * * *

"The appellant did appear before your Committee. At his appearance the accused Friedman relied almost

entirely on the point that the plaintiff had no right to appeal the acquittal by the Local Lodge. We find no merit in this contention in view of the provisions of Article K, Section 9, of the Constitution which provide for appeal from the decision of any local lodge. The Section does not limit appeal only from verdicts of guilty. Also appeared before this Committee Brothers Fred Spechman, William King, Henry Eves and John Graff of Lodge No. 688 and Brother Russell Davis, District No. 9, Brother Russell Johnson, Lodge No. 1402, and Brother James Richardson, Lodge No. 1947, as well as General Vice President P. L. Siemiller in behalf of the Executive Council.

"Conclusion

"A review of all the evidence before us: the transcript; the Decision of May 5, 1952 of the International President; and the subsequent action of the Executive Council, compels the conclusion that there is ample and sufficient evidence on the record as a whole to support the finding of a violation of Article XXV, Section 2, and warrant the verdict of Guilty and penalty of expulsion. We find and conclude that Al Friedman, at all times material herein, was a member of the Communist Party; that he advocated Communism; that he encouraged Communism; and that he gave support to Communism. As a result we conclude he merits the penalty of expulsion, and we recommend that the delegates in Convention assembled so find and conclude. To the extent, however, that the findings and conclusions of both the International President and the Executive Council may be inconsistent or in conflict with our findings, conclusions and recommendations, they are so modified."

 The conclusion reached is that the plaintiff has not been accorded the procedures on appellate review which are the minimal requirements of fairness necessary to the reversal without further trial of a determination of not guilty, particularly where, as here, the livelihood of the accused is so directly involved with his right to membership in the union. In this view, injunctive relief will be granted to the plaintiff against his expulsion, unless and until he has been accorded the benefit of appellate proceedings in which at each stage he is given full opportunity to hear and to be heard, both as to law and the facts upon which it is sought to make a finding of guilty. The order of this Court shall be without prejudice to the defendants to prosecute such appellate proceedings, and to take appropriate action pursuant thereto.

Counsel will prepare an appropriate order to carry this decision into effect.