■ EDWARD F. NYITRAY, Individually and In the Right of NEW YORK ATHLETIC CLUB, INC., Appellant, v NEW YORK ATHLETIC CLUB OF THE CITY OF NEW YORK, INC., et al., Respondents. [599 NYS2d 601] —Order, Supreme Court, New York County (Beverly S. Cohen, J.), entered on or about February 10, 1993, which denied plaintiff's motion pursuant to section 618 of the Not-For-Profit Corporation Law for an order permitting plaintiff to inspect, copy and retally the votes cast at the January 12, 1993 annual election of New York Athletic Club, Inc., and for a hearing to redetermine the election tally or to order a new election, and the order of the same court and Justice entered on or about March 4, 1993, which granted plaintiff's motion for reargument, and upon reargument adhered to the initial determination, unanimously affirmed, with costs.

A court acting pursuant to section 618 of the Not-For-Profit Corporation Law " 'should not interfere in the internal affairs of a corporation * * * unless a clear showing is made to warrant such action' " *(Matter of Scipioni v Young-Women's Christian Assn.,* 105 AD2d 1113; *Matter of F.I.G.H.T., Inc.,* 79 Misc 2d 655, 659). On such applications, a hearing is required only where issues of fact material to the determination are raised *(see, Matter of Faraldo v Standardbred Owners Assn.,* 63 AD2d 1010). Here, plaintiff has failed to demonstrate that the defendants acted in violation of the organization's constitution and by-laws. In addition, section 621 of the Not-For-Profit Corporation Law provides that where, as in this case, inspectors have been appointed to oversee the election, any report or certificate made by them shall be prima facie proof of the facts stated and of the vote as certified by them. The conclusory allegations and innuendo offered by plaintiff in support of the petition fail to raise an issue of fact sufficient to rebut this prima facie showing. Concur—Carro, J. P., Ellerin, Rubin and Nardelli, JJ.