■ In the Matter of LOIS A. JACKSON, Appellant, et al., Petitioner, v FIRST DISTRICT DENTAL SOCIETY, Respondent, et al., Respondents. [659 NYS2d 14] —Order and judgment (one paper), Supreme Court, New York County (Louis York, J.), entered December 17, 1996, which, insofar as appealed from, denied the petition brought pursuant to section 618 of the Not-For-Profit Corporation Law to set aside the result of the November 4, 1996 election for President-Elect of respondent First District Dental Society, unanimously reversed, on the law and the facts, without costs, the petition granted and a new election for President-Elect ordered.

Petitioner, a candidate for the position of President-Elect, contests the results of the November 4, 1996 election for that position based on various claims of impropriety in the election process. Under section 618 of the Not-For-Profit Corporation Law, where an aggrieved member of such corporation challenges the results of an election, the IAS Court is authorized to "hear the proofs and allegations of the parties" and either "confirm the election, order a new election, or take such other action as justice may require." Upon examining the rules that, according to respondent, govern its elections, we find that the petition should have been granted and a new election ordered.

After several recounts necessitated by the closeness of the contest, the final tally showed that petitioner had three fewer votes than her opponent. During these tabulations, however, it was discovered that some ballots had been placed inadvertently in the ballot box relating to a different election being conducted at the same time by the Dental Society of the State of New York; the contents of this second ballot box had been sent to Albany. Upon request, the ballots in question were returned by sealed envelope, and it was only when the IAS Court unsealed the envelope in connection with the instant petition that it was found to contain five ballots that had been cast but, because deposited in the wrong box, not counted in the election at issue.

The constitution and by-laws of respondent provide that Sturgis, Standard Code of Parliamentary Procedure governs all matters not specifically covered by the constitution or by-laws themselves. As is relevant to petitioner's claim, Sturgis provides that "[i]f more ballots have been cast than there are members entitled to vote, and the result of the election could have been affected by the extra ballots, or if there has been

any substantial violation of the right of members to vote in secret, the vote must be retaken. If there are minor errors which could not change the result of the election, a vote need not be retaken." (Sturgis, Standard Code of Parliamentary Procedure 148 [3d ed].) It is undisputed that 659 eligible voters were given ballots, and that only 658 were returned and counted. Thus, if the five additional ballots had been recognized and counted, there would have been a total of 663 ballots returned, i.e., four more than the number of eligible voters provided with ballots. Under the relevant language of Sturgis provided above, which governs the instant situation, a new election is necessary because the number of excess votes (four) "could have * * * affected" the result of the election, which had been determined by only three votes. The IAS Court erred by concluding that a new election was unnecessary because, upon examining the five ballots belatedly discovered, the votes actually cast therein did not change the result; three of these ballots were for petitioner, two for her opponent, thereby giving him a margin of two votes. However, the test is not whether the outcome is in fact changed but whether it "could have" been affected by the number of excess votes. Under the circumstances presented, we find that judicial intervention in respondent's " ' "internal affairs" ' ", under N-PCL 618, is warranted (*Nyitray v New York Athletic Club*, 195 AD2d 291; *see also, Matter of Faraldo v Standardbred Owners Assn.*, 63 AD2d 1010, 1011). Accordingly, we reverse and order a new election for President-Elect. Concur—Milonas, J. P., Wallach, Williams and Tom, JJ.