Gould v Jewish Natl. Fund (Keren Kayemeth Leisrael), Inc. (2021 NY Slip Op 05166)





Gould v Jewish Natl. Fund (Keren Kayemeth Leisrael), Inc.


2021 NY Slip Op 05166


Decided on September 30, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 30, 2021

Before: Manzanet-Daniels, J.P., Kern, Oing, Rodriguez, Higgitt, JJ. 


Index No. 151758/20 Appeal No. 14241-,14241A Case No. 2021-00990, 2021-02334 

[*1]Bruce Gould, Petitioner-Appellant,
v
Jewish National Fund (Keren Kayemeth Leisrael), Inc., et al., Respondents-Respondents.


Harwood Law PLLC, New York (Anthony J. Harwood of counsel), for appellant.
Stevens & Lee, New York (Bradley L. Mitchell of counsel), for respondents.



Judgment, Supreme Court, New York County (Arthur F. Engoron, J.), entered June 28, 2021, dismissing this proceeding brought pursuant to Not-for-Profit Corporation Law § 618 and CPLR article 78, pursuant to an order, same court and Justice, entered March 4, 2021, which granted the cross motion of respondent Jewish National Fund (JNF) to dismiss the petition, unanimously affirmed, with costs. Appeal from aforesaid order, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
In this special proceeding for a judgment pursuant to Not-for-Profit Corporation Law § 618 and article 78 concerning petitioner's purported status as incoming president of respondent JNF, the court correctly granted the cross motion to dismiss the petition in its entirety. Respondents' conduct in declining to seat petitioner, then JNF President-Elect, as JNF President in October 2019 at the end of the two-year term of the then and current President, respondent Lizerbram, and in declining to renominate and reelect petitioner as President-Elect, while reelecting Lizerbram to a second term, did not violate the JNF By-Laws, Not-for-Profit Corporation Law § 714(a), his due process rights, or principles of equity (see Nyitray v New York Athletic Club of City of N.Y., 195 AD2d 291 [1st Dept 1993]). Petitioner's other claims seeking injunctive relief, asserting discrimination under the New York State Civil Rights Law, and alleging negligent or fraudulent misrepresentation, were also properly dismissed since they fail to state a cause of action. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 30, 2021