Matter of Siegel v Eisner (2022 NY Slip Op 06893)

Matter of Siegel v Eisner

2022 NY Slip Op 06893

Decided on December 06, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 06, 2022

Before: Renwick, J.P., Manzanet-Daniels, Gesmer, Kennedy, Shulman, JJ. 

Index No. 151193/20 Appeal No. 16815 Case No. 2021-04673 

[*1]In the Matter of Barbara Lehmann Siegel, Petitioner-Respondent, The Manfred & Anne Lehmann Foundation, etc., Petitioner,
v
Karen Lehmann Eisner, Respondent-Appellant, New York State Attorney General Letitia James, Respondent.

Carlton Fields, P.A., New York (Alex M. Bein of counsel), and Carlton Fields, P.A., Washington, DC (Emil Hirsch of the bar of the District of Columbia, admitted pro hac vice, of counsel), for appellant.
Anderson Kill, P.C., New York (Jeremy Shockett of counsel), for respondent.

Order, Supreme Court, New York County (Carol Edmead, J.), entered on or about November 5, 2021, which, to the extent appealed from as limited by the briefs, denied respondent Karen Lehmann Eisner's motion to direct the parties to convene a special meeting of the Board of Directors of nominal petitioner The Manfred & Anne Lehmann Foundation and to take all steps necessary during the special meeting to implement the terms of what Eisner contends was the parties' settlement agreement by voting to amend section 4.02 of the Foundation's by-laws to increase the number of directors from three to five, and voting to simultaneously elect Rabbi Adam Mintz and Rabbi Yitzchok Breitowitz to the Board in accordance with section 4.07 of the Foundation's by-laws, and to appoint either Frederick Lawrence, Philip Sunshine, or Seymour Adler (or, in the alternative, a person of the court's choosing) to the Board to fill the remaining vacant Board seat as provided for under section 4.02 of the Foundation's by-laws (as amended), unanimously affirmed, without costs.
The motion court providently exercised its discretion in declining to grant the relief requested by both parties. This proceeding was commenced by Siegel in 2020 with a petition seeking dissolution of the Foundation, and other relief. In August 2020, Justice Edmead issued a decision in which she denied the application for dissolution, and dismissed the petition, without prejudice to commencing a new proceeding "should deadlock in fact later arise after the parties attempt to resolve their issues with less drastic remedies" than dissolution.
In March 2021, Eisner filed the instant order to show cause, seeking various forms of equitable relief. However, all civil proceedings must be in the form of an action or special proceeding (CPLR 103). Civil proceedings must be commenced by means of a petition or complaint (CPLR 304). Here, Eisner did not commence a new action or proceeding and her order to show cause did not seek to renew the earlier order dismissing the petition. Instead, it sought relief that had never been requested in the petition or answer. Since there was no proceeding actually before the motion court, it properly denied the order to show cause.
Even if there had been a legal basis to consider Eisner's motion, it was proper for the court to deny it. Eisner's request for equitable relief, as formulated in the order to show cause, presumes an enforceable settlement agreement between the parties. However, the court found that no such agreement exists and Eisner does not appeal from that determination. Since all of the relief sought was premised on the existence of an agreement, the court properly denied the relief.
In addition, Eisner's proposed equitable relief, particularly in the absence of any settlement agreement between the parties, invites significant judicial intervention into the Foundation's internal affairs, and as the court noted, a court should not interfere into such affairs without [*2]a clear showing that such interference is necessary (see e.g. Board of Mgrs. of Honto 88 Condominium v Red Apple Child Dev. Ctr., a Chinese Sch. 160 AD3d 580, 582-583 [1st Dept 2018]; Nyitray v New York Athletic Club of City of N.Y., 195 AD2d 291, 291 [1st Dept 1993]). The circumstances here involve years of apparent deadlock between Eisner and petitioner Barbara Siegel, but Eisner does not show that the situation is tantamount to the abuses or other injustices that have been held to justify judicial intervention (see Cohen v Rosenberg, 262 AD 274, 275-276 [1st Dept 1941], affd, 287 NY 800 [1942]). Nor does she adequately support her conclusory assertion that the court's denial of the requested equitable relief threatens to "ruin" the Foundation.
Moreover, the court, well aware of the parties' longstanding issues, having presided over Siegel's petition seeking dissolution in 2020, observed that because the parties' competing requests for equitable relief shared "common ground," it made the most sense for them to continue to try to resolve their differences on their own rather than for the court to intervene. As the court recognized, the parties' respective proposals overlap in key respects, such as their recognition that the Board should have five, rather than three directors, and that two of those three additional directors should be Rabbis Mintz and Breitowitz, and it was reasonable for the court to surmise that the remaining steps required to elect a five-member Board were steps on which the parties could eventually agree.
Eisner also shows no basis to revisit the court's decision that it would not consider the Assistant Attorney General's affirmation. The court made clear when it signed the order to show cause that reply papers would not be accepted and that the motion was returnable on April 29, 2021, and Eisner does not explain why the affirmation could not have been timely submitted.
We have considered the parties' remaining contentions and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 6, 2022